878 F.2d 1443
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
OTTO ZOLLINGER, INC., Plaintiff-Appellee,
v.
QUALITEX, INC., Edward J. McBride, Jr., Regina McBride and
Tamarack Sales Corporation, Defendants-Appellants.
 Nos. 89-1253 to 89-1256.
 United States Court of Appeals, Federal Circuit.
 March 15, 1989.
 
 Before FRIEDMAN, BISSELL and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Tamarack Sales Corporation (Tamarack) submits a "Suggestion of Error in Record." Otto Zollinger, Inc. (Zollinger) opposes the "Suggestion" and moves for a remand. Tamarack opposes the motion for remand.
 
 
 2
 This matter stems from a patent infringement suit brought by Zollinger against Qualitex, Inc. and its owner, Edward J. McBride, Jr. On September 11, 1985, the United States District Court for the Eastern District of Pennsylvania granted summary judgment for Zollinger on the infringement issue. Thereafter, Zollinger filed a supplemental complaint seeking damages and injunctive relief with respect to devices relating to an earlier lawsuit. Zollinger also moved to join Tamarack and its owner, Regina M. McBride, as alter egos of Qualitex and Edward McBride.
 
 
 3
 On February 8, 1988, the district court entered judgment on the damages portion of the original complaint. Qualitex moved for reconsideration. On January 17, 1989, the district court entered modified findings and conclusions on the original complaint and issued a "Judgment Order." On that same day, the district court issued an order finding infringement of the devices involved in the supplemental complaint, found Tamarack and Regina McBride to be alter egos of Qualitex, and scheduled a hearing for damages.
 
 
 4
 On January 18, 1989, the Clerk of the district court entered the "Judgment Order" on the docket. Tamarack, et al. appealed from the order. Thereafter, Zollinger commenced execution of the judgment.
 
 
 5
 Per Zollinger, during a telephone conversation between the district court and the parties, the district court agreed that the "Judgment Order" was not a final judgment because proceedings on damages remain on the supplemental complaint. The district court, however, refused to take any action because of the pending appeals, but remarked that if the cases were remanded he might consider certifying the judgment as final pursuant to Fed.R.Civ.P. 54(b).
 
 
 6
 Here, Tamarack requests that this court order the district court to correct its docket sheet to delete the entry of "Final Judgment." Zollinger moves for a remand to permit the district court to certify the judgment under Rule 54(b).
 
 
 7
 This court does not deem it advisable for us to correct the district court's docket or to order the district court to certify the judgment. Rather, we prefer to remand to allow the district court to take whatever action it deems appropriate.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) Tamarack's "Suggestion" is denied.
 
 
 10
 (2) Zollinger's motion to remand is granted.
 
 
 11
 (3) If appeals are refiled after remand, the appeals will be restored to this docket and additional filing fees will not be required.